UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAUN CONROY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPHINE WIGGS, TUYEN LAM,<br>and HAILEY MALCOLM,<br><br>　　　　　Defendants. | CASE NO. 2:26-cv-02156-JNW<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner Shaun Conroy's Motion for Temporary Restraining Order. Dkt. No. 2. Conroy seeks emergency relief to prevent his court-ordered competency evaluation, which is scheduled to take place on June 26, 2026. He seeks *ex parte* relief without notice to Defendants Wiggs, Lam, and Malcolm—a King County Superior Court Judge, Prosecutor, and Public Defender, respectively—before they have a chance to respond.

Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice to the adverse party only if the movant provides "specific facts in an affidavit or a verified complaint" demonstrating "that immediate and irreparable

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Local Civil Rules reinforce this rule, noting that motions for TROs "without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

Conroy's motion fails to meet this heightened standard. His motion includes no certification of any efforts made to provide Defendants with notice of his TRO, nor any reasons why the TRO should be considered without Defendants' knowledge. *See* Fed. R. Civ. P. 65(b)(1). On this record, the Court does not find that Conroy's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (preliminary injunctive relief is an "extraordinary remedy never awarded as of right").

Even setting aside the notice deficiency, Conroy's motion does not establish the elements required for preliminary injunctive relief. He offers conclusory assertions that the competency hearing will be "based upon demonstrably false factual premises," asserted in a prior evaluation, *see* Dkt. No. 2 at 8, but does not identify the legal basis for that claim, demonstrate a likelihood of success on the merits, or explain how the alleged harm is irreparable rather than compensable through damages. *See Winter*, 555 U.S. at 20. For example, Conroy alleges that a competency hearing would result in him "potentially facing long term civil commitment." Dkt. No. 2 at 14. But this harm is purely speculative: at his

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

competency hearing, Conroy could very well prove he is sufficiently lucid and self-aware to defend himself in state court.[1] Accordingly, the Court finds that Conroy's motion fails to meet the standards for emergency relief under *Winter*.

Accordingly, Conroy's motion for a temporary restraining order is DENIED. Dkt. No. 2. Additionally, Conroy's motion to proceed *in forma pauperis*, Dkt. No. 1, is DENIED as moot.

Having denied Conroy's motion for TRO, there remains no dispute for the Court to adjudicate. Thus, the Clerk is INSTRUCTED to close this matter.

Dated this 22nd day of June, 2026.

Jamal N. Whitehead
United States District Judge

---

[1] Without deciding, the Court notes that Conroy's request that a federal court interfere with his pending state court criminal proceedings likely warrants abstention under the *Younger* doctrine. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3